836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jean CHILDRESS, for Danielle D. Childress, Infant, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-3580.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 5, 1987.
Decided Dec. 17, 1987.
 
 Francis Anderson Porter for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Office of the General Counsel, Department of Health & Human Services, James C. Newman, Supervisory Assistant, Regional Counsel, Deborah Fitzgerald, Assistant Regional Counsel, Henry E. Hudson, United States Attorney, G. Wingate Grant, Assistant United States Attorney on brief, for appellee.
 PER CURIAM:
 
 
 1
 Appellant Jean Childress brought this action to review the decision of the Secretary of Health and Human Services denying her claim for child's survivor benefits on behalf of her daughter. The district court held that there was substantial evidence to support the Secretary's decision. We affirm.
 
 
 2
 * Jean Childress met Dan Derby in 1978. They began dating although both were married to other persons at the time.[1] Jean lived in Richmond; Dan worked in Richmond but his wife and children lived in Chesapeake, Virginia. In early 1980, Jean gave birth to a son, Anthony, of whom Dan accepted paternity. After Anthony was born, Dan apparently moved into Jean's home during the time he spent in Richmond.
 
 
 3
 In December 1980, Dan lost his job and returned to Chesapeake, where he worked during most of 1981. He apparently lived with his wife and children, though he often spent weekends with Jean in Richmond. In late 1981, Dan took a job in Callao, Virginia, where his employer provided him with housing. While in Callao, Dan spent weekends in Richmond visiting Jean. In June 1982, Dan took a job in Elizabeth City, North Carolina. Again, his employer provided him with housing. During this period of employment Dan divided his weekend visits, visiting Jean in Richmond somewhat more frequently than his children in Chesapeake. He also traveled to Richmond some weeknights to visit Jean. Dan was traveling to Richmond to visit Jean on November 28, 1982, when he was killed in a one-car accident outside of Elizabeth City.
 
 
 4
 In February 1983, Jean discovered that she was pregnant. On August 10, 1983, she gave birth to a daughter, Danielle. On behalf of Danielle, Jean attempted to obtain child survivor benefits under the Social Security Act. Jean claimed that Dan was the only possible father of Danielle. The Administrative Law Judge, however, found that "the evidence of record does not establish that the wage earner [Dan] was her [Danielle's] biological father or that the wage earner was either living with her or contributing to her support at the time of his death." The ALJ accordingly held that Danielle was not entitled to benefits.
 
 
 5
 Jean sought review of the ALJ's determination under 42 U.S.C. Sec. 405(g). The case was referred to a magistrate, who concluded that there was substantial evidence to support the ALJ's findings. The district court concurred in the magistrate's recommendation and granted summary judgment for the Secretary.
 
 II
 
 6
 To be entitled to benefits, Jean had to show that Danielle was Dan's "child." A claimant will be deemed to be the child of a deceased insured individual if
 
 
 7
 such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.
 
 
 8
 42 U.S.C. Sec. 416(h)(3)(C)(ii). The ALJ found that Dan was neither living with nor supporting Danielle at the time of his death. In reviewing this determination, we are not free to weigh the evidence ourselves. Our inquiry is limited to whether the record contains relevant evidence that a reasonable mind could accept as adequate to support the ALJ's conclusions. Accepting Jean's testimony that Dan was the father of Danielle, we find that the record nevertheless contains substantial evidence to support the ALJ's findings that Dan neither lived with nor supported Danielle at the time of his death.
 
 
 9
 As to the issue of Dan's residence, the record contains conflicting evidence. As the magistrate remarked, some evidence tended to support the conclusion that Dan's residence followed his employment. Other evidence indicated that Dan maintained a household in Chesapeake, kept his bank accounts and voter registration there, and paid his personal property taxes there. Though the evidence in the record does not conclusively establish exactly where Dan lived, it is adequate to support the ALJ's conclusion that Dan did not live with Jean (and therefore Danielle) at the time of his death.
 
 
 10
 Likewise, the record contains ample evidence that Dan did not support Danielle at the time of his death. There was evidence that Jean's 1982 income of $21,000 far exceeded Dan's income and that Jean supported Dan more than he supported her during the months preceding his death. There was no evidence that Dan made any contribution to provide for the specific needs of Danielle.[2] We agree with the district court that the record contained evidence adequate to support the ALJ's conclusion that Jean failed to prove that Dan was contributing to the support of Danielle.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Jean was divorced in 1979; Dan was never divorced
 
 
 [2]
 This case is distinguishable from Parsons for Bryant v. Health & Human Services, 762 F.2d 1188 (4th Cir.1985). In Parsons, the deceased individual provided $50 for the mother's repeated transportation for prenatal care. We held that such a contribution satisfied the support requirement of Sec. 416(h)(3)(C)(ii) because it sufficed for all of the unborn child's needs. The evidence in this case, however, does not demonstrate the existence of such a contribution or the existence of any specific needs of the unborn child at all